RUTHERFORD NATIONAL BANK ET AL., PLAINTIFFS-RESPONDENTS, v. ELEANOR C. McKENZIE, DEFEND-ANT-PROSECUTOR.

Argued May 3, 1938—Decided August 15, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *McDermott, Enright & Carpenter.*

For the respondent, *Ely & Ely, John J. Breslin, Jr.,* and *James A. Major.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up a rule of the Bergen County Court of Common Pleas permitting the plaintiff to file an amended complaint. The suit was brought in 1932, against prosecutor, Eleanor C. McKenzie, as sole legatee of her deceased husband, William G. McKenzie, upon a promissory note, dated November 14th, 1929, payable on demand, upon which said William G. McKenzie was an endorser. The cause came on for trial on February 7th, 1938, and at the conclusion of the proofs the defendant moved for a directed verdict on the ground that an action does not lie against a legatee upon an obligation of the testator where creditors have been barred, distribution made and refunding bond given. Instead of granting this motion the Common Pleas judge declared a mistrial. Thereupon permission of the Orphans Court to sue on the refunding bond was obtained, and the order under review was made permitting the filing of an amended complaint suing upon the refunding bond in the proper form.

The contention of the prosecutor is that the statute of limitations had tolled, and therefore the Common Pleas Court was without jurisdiction to make the order.

The first question is whether the writ of *certiorari* is the proper method to review such an order, and we conclude that it is not. The orders of a court of common law jurisdiction in the exercise of its judicial functions are reviewable by appeal after final judgment, and not by *certiorari*. *Eder* v. *Hudson County Circuit Court,* 104 *N. J. L.* 260; *Caliopoulos* v. *Chagaris,* 2 *N. J. Mis. R.* 998; *Taylor Provision Co.* v. *Adams Express Co.,* 72 *N. J. L.* 220.

Prosecutor contends, however, that the court below exceeded its jurisdiction and therefore *certiorari* is the remedy. "The proceedings of an inferior tribunal are reviewable upon appeal when the court below has jurisdiction, and by *certiorari* when

it exceeds its jurisdiction." *Meller* v. *Kaighn,* 89 *N. J. L.* 543. We are of the opinion that the question is not one of jurisdiction. The Common Pleas Court had general jurisdiction over the parties and the subject-matter of the suit. The running of the statute of limitations (if it be conceded that an entirely new cause of action was set up by the amended complaint and that the statute had run) does not deprive the court of jurisdiction. The statute of limitations is an affirmative defense which must be pleaded to be available to the defendant. There was no lack of jurisdiction entitling the defendant to review the order by *certiorari.*

The writ is dismissed, with costs.